# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOSHUA ISONHART, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | _____ |
| v. ) | |
| ) | |
| STEP ONE AUTOMOTIVE CSS, LLC; ) | JURY TRIAL DEMANDED |
| STEP ONE AUTOMOTIVE GROUP, ) | |
| LLC; and JEREMY LEACH, ) | |
| individually, ) | |
| ) | |
| Defendants. | |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Joshua Isonhart ("Plaintiff" or "Isonhart"), through undersigned counsel, and files this, his Complaint for Damages under the Fair Labor Standards Act of 1938 ("FLSA") against Defendants, Step One Automotive CSS, LLC; Step One Automotive Group, LLC (hereinafter "Defendant Companies"); and Jeremy Leach, individually (hereinafter "Defendant Leach") (collectively referred to as "Defendants") and shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

## II. Jurisdiction and Venue

2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

3.

Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Georgia. Accordingly, venue lies in the United States District Court for the Southern District of Georgia under 28 U.S.C. § 1391(b).

## III. Parties

4.

Defendants are now, and at all times relevant hereto, have been employers as that term is defined by the FLSA.

5.

Defendant Leach is the Sales Director of Defendant Companies and controlled the Plaintiff and was the individual ultimately responsible for violating the FLSA anti-retaliation provisions. Defendant Leach is subject to the jurisdiction of this court.

6.

Defendant Companies may be served by delivering a copy of the summons and complaint to their registered agent for service of process C T Corporation System at 289 S. Culver St., Lawrenceville, Georgia 30046-4805.

7.

Defendant Leach may be served by delivering a copy of the summons and complaint to his residence at 4583 Nautical Ct., Destin, Florida 32541.

8.

Plaintiff is an employee as that term is defined by the FLSA and at all times material hereto was an employee of Defendants.

### IV.   Facts

9.

Plaintiff accepted the position with Defendants and moved his family from Illinois to Georgia and began his employment with Defendants on July 1, 2020 as a Business Manager.

10.

Plaintiff was well qualified for the position he held. Defendants were all well pleased with Plaintiff's performance.

11.

On or about November 2021, a customer of Defendants purchased a used truck. Plaintiff was the finance manager who helped the customer complete his paperwork. The customer wrote Defendants two (2) checks as part of his down payment, one for $2,000.00 and one for $13,000.00.

12.

Plaintiff followed Defendants' internal processes and procedures and his training and as Plaintiff was trained to do took both the checks and ran them both through a machine (which insures the checks called "UTA").

13.

Both checks were verified and approved.

14.

Plaintiff had been trained that once the checks go through this process, the money was automatically taken out of the customer's account and that there were no further required procedures.

15.

Thereafter, both checks came back NSF and UTA refused to insure the $13,000.00 check because the customer had written the incorrect date on it.

16.

No collection efforts were made by Defendants to obtain the money owed from the customer.

17.

Defendants made the decision to deduct the money owed to Defendants by the delinquent customer directly from the Plaintiff's wages.

18.

Thereafter, Plaintiff was contacted by the Finance Director for Defendant Companies, Ms. Tiffany Kingrey, who informed Plaintiff that Defendant Companies were going to take the money owed by the delinquent customer from Plaintiff's wages.

19.

At the time that Plaintiff became aware of the planned deduction, prior to having any money deducted from his wages, Plaintiff called the Department of Labor ("DOL") to inquire whether or not the deduction from his wages was legal.

20.

Plaintiff was informed by the DOL that the deduction of the money owed by the delinquent customer from Plaintiff's wages was illegal under the law.

21.

Plaintiff was further advised by the DOL that the office could assist him once the deductions of the money from his wages started, but not before.

22.

Defendant Companies told Plaintiff that he could hire his own attorney to go after the customer to collect the money, since this debt was his now.

23.

Defendant Companies illegally deducted money from Plaintiff's paychecks for several months.

24.

On July 11, 2022, Plaintiff emailed the corporate Human Resource Manager, Mellisa Smith ("Corporate HR") regarding his complaint.

25.

On July 12, 2022, Corporate HR, along with the Georgia Human Resource Manager J'Viera Mobley ("Local HR") came to see Plaintiff to investigate.

26.

During the July 12, 2022 meeting, Plaintiff expressed his concern that he would be retaliated against for coming forward, but that he was prepared to go to the DOL regarding the illegal deductions from his paycheck.

27.

On or about July 14, 2022, Corporate HR informed Plaintiff that the issue was undergoing investigation and that an update would be provided once a thorough investigation was conducted.

28.

On or about August 4, 2022, the Platform Director of Defendant Companies' Georgia stores, Mr. Rick Brinkman; Defendant Leach; and Mr. Terrance Tubbs, Plaintiff's General Manager, all met with Plaintiff to discuss Plaintiff's complaint.

29.

Plaintiff complained during the meeting that he did not agree that it was right to take his wages.

30.

At the August 4, 2022 meeting, Defendant Leach mentioned Plaintiff going to the labor board, thereby acknowledging that he knew that Plaintiff had gone to the DOL and espousing his belief that Plaintiff had been coached either by a lawyer or the labor board about going to Corporate HR regarding his complaint.

31.

The thrust of Defendant Leach's issue with Plaintiff at the meeting was that Plaintiff waited until the last payment being made before he made a complaint and that in the interim Plaintiff acted like everything was okay.

32.

Defendant Leach stated that if Plaintiff had explained his complaint in the beginning before he made the first payment, it would have been different.

33.

Defendant Leach then stated that he was aware that under the law that he could not require Plaintiff to pay the money back or that he would be fired.

34.

Defendant Leach stated to Plaintiff that he was not going to require that Plaintiff pay the money back and that Plaintiff should do what he thinks is right.

35.

On August 25, 2022 Plaintiff emailed Corporate HR to request an update on the investigation into his complaint.

36.

It was at this time that Defendants became aware that Plaintiff had made a decision not to pay the money back and that Plaintiff was still opposing the illegal deduction from his wages even after the August 4, 2022 ultimatum meeting.

37.

Hours later, on August 25, 2022, Mr. Brinkman arrived and terminated Plaintiff. During the termination meeting, Mr. Brinkman handed Plaintiff a check for the entire amount of money Defendant Companies had taken from Plaintiff.

38.

Mr. Brinkman told Plaintiff that they were going to take back their decision to deduct the money from Plaintiff's paychecks and exercise their right to terminate his employment and pay him back all of the money they deducted.

39.

Plaintiff's separation notice does not state a reason for the termination.

## COUNT I

## FLSA VIOLATION

40.

Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

41.

Section 13(a)(1) of the FLSA provides a complete exemption from the minimum wage and overtime pay requirements for any employee employed in a bona fide executive, administrative, or professional capacity, as those terms are defined in 29 C.F.R. part 541.

42.

An employee may qualify for exemption if all of the pertinent tests are met relating to duties, salary level, and compensation "on a salary basis," as discussed in the regulations.

43.

To qualify for exemption, an employee must generally be paid at the statutorily described rate per week on a salary or fee basis.

44.

Under 29 C.F.R. § 541.602, in order for employees to be considered paid on a "salary basis" they must be paid "a predetermined amount…not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

45.

Furthermore, "subject to the exceptions provided in [section 541.602(b)], an exempt employee must receive the full salary for any week in which the employee performs any work." 29 C.F.R. § 541.602(a).

46.

Section 541.602(b) lists the permissible exceptions to the above rule.

47.

None of the exceptions listed contemplates requiring an employee to pay back money stolen from the employer or money not paid by a delinquent customer.

48.

The DOL interprets these regulatory provisions to mean that if a particular type of deduction is not specifically listed in section 541.602(b), then that deduction would result in a violation of the "salary basis" rule.

49.

The DOL further takes the position in its enforcement of the FLSA that deductions from the salaries of otherwise exempt employees for the loss of the employer's funds due to the employees' failure to properly carry out their managerial duties defeats the exemption because the salaries would not be "guaranteed" or paid "free and clear" as required by the regulations.

50.

Such an impermissible deduction, as in the case here, violates the regulation's prohibition against reductions in compensation due to the quality of the work performed by the employee. Consequently, the deductions made to reimburse the Defendants for loss violated the salary basis rule.

51.

Accordingly, Defendants' policy requiring the deductions from Plaintiff's salary as an exempt employee to pay for the cost of loss from the delinquent customer violates the salary basis requirement and produced an impermissible reduction in compensation because of the quality of the work performed under the terms of the Defendants' policies, contrary to 29 C.F.R. § 541.602(a).

## COUNT II

## FLSA RETALIATION

52.

Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

53.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminates against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

54.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

55.

Defendants meet the definition of a "person" under the FLSA.

56.

Defendants were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

57.

Plaintiff engaged in statutorily protected activity under the FLSA by participating in making his complaint to Corporate HR (July 12, 2022); the investigation; and following up about his complaint's status on August 25, 2022.

58.

Plaintiff further engaged in statutorily protected activity under the FLSA by opposing the continued illegal deductions from his pay during the August 4, 2022 meeting with Mr. Brinkman and Defendant Leach.

59.

Defendants retaliated against Plaintiff by terminating his employment on the same day it became apparent to them that he was not going to drop his complaint.

60.

Defendants' actions, policies and/or practices as described above, violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

61.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

62.

Defendants' violations of the FLSA were willful and in bad faith.

63.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct.

64.

Defendants' retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

65.

Plaintiff's activity protected under the FLSA was the motivating factor in Defendants' decision to retaliate against Plaintiff.

66.

As a direct and proximate result of the retaliation, Plaintiff has sustained financial losses, including lost wages and benefits, for which he is entitled to recover from Defendants.

67.

As a direct and proximate result of the retaliation, Plaintiff has suffered severe emotional distress, for which he is entitled to recover from Defendants.

68.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation.

## V.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant declaratory judgment declaring that Plaintiff's rights have been violated, and that Defendants' violations of the FLSA were **willful;**

(C)   All equitable relief available under the FLSA;

(D)   General damages for mental and emotional suffering caused by Defendants' misconduct, along with all economic damages available, including back-pay, liquidated damages, lost benefits, and front-pay in lieu of reinstatement;

(E) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts, and as otherwise available under the law;

(F) Attorneys' fees, costs, and prejudgment interest; and

(G) All other relief to which he may be entitled.

Respectfully submitted this 9th day of January, 2023.

**CHARLES HERMAN LAW**
/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

7 E. Congress St., Ste. 611A
Savannah, GA 31401
(912) 244-3999 Phone
(912) 257-7301 Facsimile
charles@charleshermanlaw.com

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOSHUA ISONHART

**(b)** County of Residence of First Listed Plaintiff: Chatham County, GA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles Herman Law, Charles Herman
7 East Congress Street, Suite 611A, Savannah, GA 31401
(912) 244-3999; charles@charleshermanlaw.com

## DEFENDANTS
STEP ONE AUTOMOTIVE CSS, LLC; STEP ONE AUTOMOTIVE GROUP, LLC; and JEREMY LEACH, individually

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act of 1938 & 29 U.S.C. § 215(a)(3)

Brief description of cause:
Defendant violated the FLSA and terminated Plaintiff for filing an FLSA complaint.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/09/2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Charles Herman

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.