## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **JOHSUA ISONHART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 4:23-CV-010** |
| | ) | |
| **STEP ONE AUTOMOTIVE CSS,** | ) | |
| **LLC; and STEP ONE** | ) | |
| **AUTOMOTIVE GROUP, LLC,** | ) | |
| | ) | |
| **Defendants.** | | |

## <u>ORDER</u>

Before the Court is the parties' Joint Motion for Dismissal with Prejudice in a case asserting a retaliation claim under the Fair Labor Standards Act ("FLSA"). The parties have informed the Court that they have settled this case pursuant to a confidential settlement and mutual release agreement.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1350 (11th Cir. 1982), and 29 U.S.C. § 216(c), a court must scrutinize the proposed settlement of a plaintiff's wage and overtime claims under §§ 206 or 207 of the FLSA for fairness. However, settlement of retaliation claims under the FLSA are not handled in the same manner. *See, e.g., Hernandez v. Iron Container, LLC*, No. 13-22170-CIV, 2014 WL 633848, at *2 (S.D. Fla. Feb. 18, 2014) ("omission of any

reference to supervision of FLSA retaliatory discharge claims in § 216(c) (while specifically referencing FLSA wage claims) supports the conclusion that no supervision of FLSA retaliatory discharge claims is required."); *Romeo v. Colonial Imports, Ltd.*, No: 6:16- CV-876-ORL-40, 2016 WL 7644854 (M.D. Fla. Dec. 15, 2016) (footnote 1) ("Plaintiffs also alleged claims against Defendants for retaliation under the FLSA and unpaid wages under Florida statutory law.... The parties settled those claims and dismissed them, as they do not require court approval for settlement.") (citations omitted), *report and recommendation adopted*, 2017 WL 36373 (M.D. Fla. Jan. 4, 2017); *Thompson v. Dealer Mgmt. Servs., Inc.*, No. 6:16-CV-1468-ORL-40, 2016 WL 7644856, at *2 (M.D. Fla. Dec. 13, 2016) (court need not approve a settlement involving a FLSA retaliation claim, among other claims), *report and recommendation adopted*, 2017 WL 37941 (M.D. Fla. Jan. 4, 2017).

Courts within the Eleventh Circuit have held that a court is not required to review the parties' settlement of a plaintiff's FLSA retaliation claim, provided its terms do not serve to contaminate the agreement as to the FLSA wage claim. *See Kelly v. Aspire Physical Recovery at Hoover, LLC*, No.: 2:17-CV-00961, 2018 WL 3186961, at *2 (N.D. Ala. June 28, 2018) (concluding that the court need not review the FLSA retaliation claim and finding that "courts in this Circuit have generally concluded that an FSLA retaliatory discharge claim is not subject to the same review

unless its terms contaminate any associated wage claim"); *Jemley v. Umbwa, Inc.*, No. 615CV801ORL41TBS, 2017 WL 3822896, at *2 (M.D. Fla. Aug. 2, 2017) ("Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the district court, 'provided its terms do not serve to contaminate the Agreement as to the FLSA claim.' "), *report and recommendation adopted*, 2017 WL 3732077 (M.D. Fla. Aug. 30, 2017); *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012) (parties represented to court that they settled plaintiff's state claim and FLSA retaliation claim in a separate settlement agreement), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

In this case, there is no concern for contamination of any underlying wage/overtime claims. The parties have certified that the settlement is in regard to damages and attorneys' fees and costs related *only* to the FLSA retaliation claim (*and not minimum wage payments; overtime; or liquidated damages related to wage payments*); that the FLSA wage claim in Count 1 lacked legal sufficiency; and that Plaintiff was properly compensated for services rendered to Defendants. Therefore, after careful consideration of this *Motion*, the Court finds that it need not scrutinize the settlement of Plaintiff's FLSA retaliation claim. *Kelly*, 2018 WL 3186961, at *2; *Hernandez*, 2014 WL 633848, at *2; *Yost*, 2012 WL 1165598, at *3.

Accordingly, the motion, dkt. no. 48, is **GRANTED**, and this case is **DISMISSED with prejudice**, with each party to bear its own attorneys' fees and costs. The Clerk is **DIRECTED** to terminate all pending motions and close this case.

**SO ORDERED** this __13__ day of November, 2023.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Prepared by:
Charles Herman
Charles Herman Law
2 East Bryan Street, 4th Floor
Savannah, Georgia 31401
(912) 244-3999
Charles@CharlesHermanLaw.com